Judge Underwood,
delivered the opinion of the court.
This controversy has grown out of a contract made between Thomas Madison and Anthony Johnson, on the 14th of March, 1782. The decision of this court, in the case of Madison’s heirs, &c. vs. Wallace’s executors, decided June term, 1828, contains a statement of the facts necessary to be known, and the-principles which must produce the reversal of the proceedings of the general court. It will be seen by the case referred to, that in 1807, a decree by consent of parties, was rendered in favor of Baker, the ancestor of the plaintiff in error for four hundred acres of land, which had been surveyed for him. The language of the decree requires Madison’s heirs to convey the tract of land on which Baker then resided “containing by estimation, the quantity of four hundred acres, and- bounded as follows, to-wit: Beginning at anelm&c.” going on to give the corners, courses, and distances of the whole tract. In January, 1818, about eight years after the cause had been finally disposed of in the genera] court as to all the parties, the court made an order appointing commissioners to re-survey the four hundred acres decreed to Baker, in 1807, and to lay off the surplus on one side, so far as to leave to those in possession, their improvements. The reason assigned by the court for making the order is, that “it appeared that the bounda *391 ries of the land decreed to Baker, contained more than four hundred acres, to which quantity only, he was entitled.” Under this order, such proceedings were had, as to induce the court on the 19th August, 1826, to direct and decree, that the heirs of Madison should convey to Baker’s heirs, four hundred acres of land, as laid off by the commissioners, excluding seventy two acres of land, embraced by the boundary set out in the decree of 18J7. Without deeming it important tobe minute in detail, we are of opinion that the order of January, 1818, appointing commissioners and every subsequent order and decree, were altogether illegal.
Aij-ter ex¡n-ra. linn of term, at which ed of as to all parties and conveyance of specified quan-tityoflaml, foundry1 COUrt has no po^ntcomniis-sionersto re-™rvey the View’to cur^ tail quantity in the hounda-ry decree •
Triplett, for plaintiffs; Denny, for defendants.
The court had no power over the record and decree of 1807, wish a view to control the quantity of land in the boundary decreed. The cause had remained for years as finally decided, and the decree could not be set aside by the general court in part, by the insiiiution of new proceedings and redocketing the cause with any more propriety than it would at a subsequent term, set aside a judgment for money, because it had been rendered for too much, in the opinion of the court. The general court erred in opening the decree, to let in the answer of Bowyer and wife.
It is decreed and ordered, that the order of the general court appointing commissioners, made at the January term, 18.18, and all subsequent orders and decrees rendered in this case, be reversed and set aside, without prejudice to the rights of Baker’s heirs, hereafter to proceed against Madison’s heirs for a conveyance of the land, as described in the decree of 1807, and that the cause be remanded with directions to enter a decree in favor of Baker’s heirs, for their costs expended in the general court.
The plaintiffs in error must recover their costs in this court.